UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIA BRATTON,

    **Plaintiff,**

    v.

STATE OF OHIO BUREAU OF
WORKER'S COMPENSATION, *et al.*,

    **Defendants.**

Civil Action 2:15-cv-66
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's April 14, 2015, Show Cause Order. (ECF No. 10.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On January 6, 2015, Plaintiff filed her Complaint together with a Motion to Proceed *in Forma Pauperis*. (ECF No. 1.) On January 8, 2015, the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis* without prejudice to refiling with an appropriate affidavit. (ECF No. 3.) In the January 8, 2015 Order, the Court outlined the deficiencies, attached an Application/Motion to Proceed Without Prepayment of Fees and Affidavit Support Thereof for Plaintiff to complete, and directed her to either complete the application or pay the required $400 filing fee within thirty days. (*Id.*) The Court specifically cautioned Plaintiff that "failure to

timely comply with this Order could result in dismissal for failure to prosecute." (*Id*. at 3.)

Following this Order, Plaintiff has sought and obtained three extensions of time to comply. (ECF Nos. 4-9.) In the Court's April 3, 2015 Order, the Court noted that "[t]his case has been pending for four months with virtually no activity" and extended deadline by which Plaintiff must either pay the filing fee or file the requisite application to proceed *in forma pauperis* to April 10, 2015.

On April 14, 2015, the Court directed Plaintiff to show cause on or before April 28, 2015, why this action should not be dismissed for want of prosecution, noting that she had failed to timely comply with the Court's January 8, 2015 and April 3, 2015 Orders. To date, Plaintiff has not responded to the April 14, 2015 Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action *without prejudice* pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in

deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Although the record here amply demonstrates such delay, the Undersigned finds that dismissal *without prejudice* is more appropriate under the circumstances. More specifically, although Plaintiff has not yet complied with the Court's January 8, 2015 and April 3, 2015 Orders, she repeatedly timely sought extensions of the deadline for compliance. In addition, Plaintiff set forth good cause for the extensions she sought, namely, financial constraints and illness. (*See, e.g.*, ECF No. 4.)

Nevertheless, dismissal without prejudice is warranted given Plaintiff's failure to comply with the Orders and more significantly, her failure to timely respond to the April 14, 2015 Show Cause Order. The Court's January 8, 2015 and April 3, 2015 Orders provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied her with a reasonable period of time to comply. Moreover, as set forth above, the Court provided Plaintiff with an opportunity to show cause why this case should not be dismissed for want of prosecution. Because Plaintiff failed to timely respond to the Show Cause Order, it is

**RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b).

## IV.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  May 6, 2015                                          /s/ *Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge